IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUSSELL CARR, #58208-019                                                                      PETITIONER

VS.                                                      CIVIL ACTION NO. 3:19-cv-523-CWR-FKB

WARDEN CHRISTOPHER
RIVERS                                                                                        RESPONDENT

## REPORT AND RECOMMENDATION

This is a petition for habeas corpus relief brought by federal prisoner Russell Carr. *See* 28 U.S.C. § 2241. Petitioner was incarcerated at the Yazoo City Federal Correctional Complex at the time he initially filed the action. Carr asserts that he was wrongfully sanctioned with a loss of 41 days of Good Conduct Time following a disciplinary hearing on March 12, 2018. [1] at 2. Respondent asserts, *inter alia*, that Carr failed to exhaust his administrative remedies before filing his petition. [10]. Having considered the filings, the undersigned recommends that the petition be dismissed as moot.

A case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). Since Carr filed this petition challenging his loss of Good Conduct Time, he has been released from the custody of the Bureau of Prisons. According to the web site of the Bureau of Prisons, Carr was released from custody on May 5, 2021. *See* Bureau of Prisons, https//www.bop.gov/inmateloc/ (last visited Feb. 14, 2022).

For this reason, the undersigned recommends that the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days

after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Respectfully submitted, this the 15th day of February, 2022.

/s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).